UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:16-cv-23669-DPG

CRISTHIAN ZELAYA, and all others
similarly situated under 29 U.S.C. 216(b)

    Plaintiffs,

vs.

CARGO LOGISTICS GROUP USA LLC,
and ESMERALDA CASTILLO, and
CARLOS R. GONZALEZ, Sr.,

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

Pursuant to Rules 8 & 12(b)(6), Fed. R. Civ. P., Defendants, CARGO LOGISTICS GROUP USA LLC, ESMERALDA CASTILLO, individually, and CARLOS R. GONZALEZ, Sr., individually (hereinafter "Defendants"), hereby file their Motion to Dismiss Plaintiff's Unverified Complaint with Prejudice, and in support thereof state as follows:

1. The Plaintiff has failed to state a claim against all three Defendants for unpaid overtime compensation pursuant to the Fair Labor Standards Act (hereinafter "FLSA") as he has not properly articulated the amount and extent of the unpaid overtime work that would support such a claim under FLSA. Instead, the Plaintiff has provided a general time frame during which he worked and alleged that he was required to work 50 hours per week but was not paid the appropriate statutory rate. The Plaintiff has failed to include a sufficient factual basis on which this Court could make a just and reasonable inference as to the amount and

  extent of the Plaintiff's work and, as such, the Plaintiff's Complaint should be dismissed, with prejudice.

2. The Plaintiff has failed to state a claim against the individual Defendants, ESMERALDA CASTILLO and CARLOS R. GONZALEZ, Sr., for unpaid overtime compensation pursuant to the FLSA as the claims against these particular Defendants are based solely on improper legal conclusions. Without specific factual allegations to support the Plaintiff's claims against the individual Defendants, ESMERALDA CASTILLO and CARLOS R. GONZALEZ, the claims should be dismissed, with prejudice.

3. The Plaintiff has failed to state a collective action claim under FLSA as the Plaintiff did not include sufficient factual allegations, such as a description of the job duties or the pay provisions of the allegedly similarly situated employees, in his Complaint. The Plaintiff must plead these facts in order to establish the commonality between himself and the other members of the class. Without alleging the similarities between the class members, the Court is unable to assess the propriety of a collective action. Thus, the Court should dismiss the Plaintiff's collective action claim, with prejudice.

## MEMORANDUM OF LAW

### I. LEGAL STANDARD

On a motion to dismiss for failure to state a cause of action under Rule 12(b)(6), FED. R. CIV. P., the factual allegations in the complaint are accepted as true and are considered in the light most favorable to the Plaintiff. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). Nevertheless, if the claim merely sets forth a theory of recovery with no factual allegations dismissal of the complaint is proper.

A complaint is deficient if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The Eleventh Circuit has specifically held that when deciding whether to grant a Motion to Dismiss, the reviewing court should "eliminate any allegations in the complaint that are merely legal conclusions," and then, "where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010).

## II. PLAINTIFF FAILED TO STATE A CLAIM AGAINST ALL THREE DEFENDANTS FOR UNPAID OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT

In order to state a claim for unpaid overtime compensation pursuant to the FLSA, a plaintiff must demonstrate the following: "(1) an employment relationship; (2) that the employer engaged in interstate commerce; and (3) that the employee worked over forty hours per week but was not paid overtime wages." *Alonso v. Ocean CC, LLC*, No. 14-23869, 2014 U.S. Dist. LEXIS 45244, at *4 (S.D. Fla. Apr. 6, 2015); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). Additionally, in order to survive a motion to dismiss, the plaintiff must allege in his or her complaint "as a matter of just and reasonable inference the amount and extent of his work in order to demonstrate that he was inadequately compensated under the FLSA." *Alonso*, 2014 U.S. Dist. LEXIS 45244, at *4 (quoting *Ekokotu v. Fed Express Corp.*, 408 Fed. Appx. 331, 340 (11th Cir. 2011)); *St. Croix v. Genentech, Inc.*, No.8:12-cv-891, 2012 U.S. Dist. LEXIS 86742,

at *5 (M.D. Fla. June 22, 2012). If a plaintiff fails to properly articulate the amount and extent of his work in order to support an unpaid overtime compensation claim under FLSA, the complaint should be dismissed. *Alonso*, No. 14-23869, 2014 U.S. Dist. LEXIS 45244, at *4; *Hernandez v. Anderson*, No. 5:14-cv-577, 2015 U.S. Dist. LEXIS 72342, at *15-17 (M.D. Fla. June 4, 2015); *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) *("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.")*

In *Alonso*, the plaintiff's complaint alleged that he was employed from December 2013 to April 2014 by the defendant as a server. The plaintiff further alleged that he worked in excess of 40 hours per week and was not paid overtime. The plaintiff, however, failed to state the amount and extent of his unpaid overtime work and to identify any particular weeks in which he worked overtime. As a result, the court held that "[w]ithout more than a formulaic recitation of the elements of the cause of action," it could not allow the FLSA unpaid overtime compensation claim to proceed. *Alonso*, No. 14-23869, 2014 U.S. Dist. LEXIS 45244, at *4; *see also St. Croix*, 2012 U.S. Dist. LEXIS 86742, at *5 (the court dismissed the plaintiff's FLSA overtime claim due to the fact that the plaintiff provided "no dates or date ranges during which she worked overtime or any other factual basis on which this Court can make a "just and reasonable inference" as to the amount and extent of [the plaintiff's] work.").

The court in *Hernandez* also found it necessary to dismiss the plaintiff's complaint due to his failure to provide sufficient evidence of the amount and extent of work completed by the plaintiff that would allow him to recover pursuant to a FLSA overtime claim. In his complaint, the plaintiff alleged that he worked for the defendants between December 2011 and December 2013.

The plaintiff further alleged that he worked some unspecified amount of overtime, but failed to "provide any dates or date ranges during which he worked overtime, or 'any other factual basis on which [the Court could] make a 'just and reasonable inference' as to the amount and extent of [the plaintiff's] work.'" *Hernandez*, 2015 U.S. Dist. LEXIS 72342, at *15-16 (quoting *St. Croix*, 2012 U.S. Dist. LEXIS 86742, at *5). Due to the plaintiff's failure "to provide sufficient factual support to properly allege a claim for unpaid overtime wages under the FLSA," the court granted the defendant's motion to dismiss the plaintiff's claim. *Id.* at 16-17.

The Plaintiff in the matter at issue, like the plaintiff in *Alonso, St. Croix,* and *Hernandez*, has failed to properly articulate the amount and extent of the unpaid overtime work that would support an unpaid overtime compensation claim under FLSA. In his Complaint, the Plaintiff alleges that Plaintiff "worked an average of 50 hours a week... was never paid extra half time rate for any hours worked over 40 hours…Defendants willfully and intentionally refused to pay Plaintiff's overtime wages." Compl. ¶ 17-18. The Plaintiff's statement that he worked 50 hours per week and was not paid overtime wages, fails to give the court any factual basis on which the Court could make a "just and reasonable inference" as to the amount and extent of the Plaintiff's work that is at issue in this matter. Furthermore, at no point in his Complaint does the Plaintiff identifies all the weeks or workdays where he was allegedly required to work overtime without being compensated or the amount of hours that he did not get overtime compensation for. Instead, the Plaintiff is relying on a formulaic recitation of the elements of a FLSA unpaid overtime compensation claim in order to sustain this action. As noted by the cases discussed above, this is patently inappropriate and does not allow the Plaintiff's Complaint to survive dismissal; as such, the Plaintiff's Complaint should be dismissed, with prejudice.

Furthermore, under Rule 8 FED. R. CIV. P., a plaintiff is required to state a "short and plain statement of the claim" and while this Rule places only a light burden on a plaintiff, it does require that a plaintiff "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A Complaint filed under the FLSA shall include, at a minimum, a statement setting forth with respect to a Plaintiff:

a. An initial estimate of the total amount of alleged unpaid wages;

b. A preliminary calculation of such wages;

c. The approximate period during which the alleged violations occurred; and

d. The nature of the wages (e.g. overtime or straight time).

Plaintiff's complaint clearly fails to conform with these requirements and for that reason, it should also be dismissed, with prejudice.

### III. PLAINTIFF FAILED TO STATE A CLAIM FOR UNPAID OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT AGAINST THE DEFENDANTS, CARLOS R. GONZALEZ, Sr. AND ESMERALDA CASTILLO, INDIVIDUALLY

A plaintiff may only bring an unpaid overtime compensation FLSA claim against an individual person if he can show that the individual is considered an "employer" under the Act. FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" 29 U.S.C. § 203(d). It is particularly important to ensure that liability is limited to only those individuals that truly fall into the definition of "employer" pursuant to FLSA as "individuals ordinarily are shielded from personal liability when they do business in a corporate form, and that it should not lightly be inferred that Congress intended to

disregard this shield in the context of the FLSA." *Lamonica v. Safe Hurricane Shutters*, *Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013) (quoting *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668, 677 (1st Cir. 1998).

Moreover, the U.S. Supreme Court has specifically held that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (the court is "not bound to accept as true a legal conclusion couched as a factual allegation"). Furthermore, the Court has warned that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Aschcroft*, 556 U.S. at 680 (quoting FED. R. CIV. P. 8(a)(2)). "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 679-80.

In this case, the Plaintiff has resorted to the use of formulaic recitations in order to sustain the individual allegations against the Defendants, CARLOS R. GONZALEZ (hereinafter "GONZALEZ") and ESMERALDA CASTILLO (hereinafter "CASTILLO"). The Plaintiff has alleged in his Complaint that CASTILLO "ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer." Compl. ¶¶ 4. The Plaintiff also alleged in his Complaint that Defendant GONZALEZ "ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer." Compl. ¶¶5. Plaintiff includes additional conclusory statements that incorrectly attribute responsibilities to CASTILLO and GONZALEZ

without any specific facts to actually support the allegations being made. Without any factual support, the Plaintiff leaps to the improper legal conclusion that both Defendants, CASTILLO and GONZALEZ, "willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act." Compl. ¶¶ 18. Through his inadequate claims against GONZALEZ and CASTILLO, the Plaintiff has failed to provide the Court with sufficient allegations to endanger GONZALEZ and CASTILLO to their own individual liability. Instead, GONZALEZ and CASTILLO should continue to have the full protection provided to them by the corporate form of the Company.

Due to the conclusory nature of the allegations made against GONZALEZ and CASTILLO, the Plaintiff has not met the pleading requirements outlined in Rule 8, FED. R. CIV. P., and in *Ashcroft* and *Twombly*. As such, the allegations against Defendants GONZALEZ and CASTILLO, should be dismissed in their entirety, with prejudice.

### IV. PLAINTIFF FAILED TO STATE A COLLECTIVE ACTION CLAIM UNDER THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B)

A plaintiff initiating a suit to recover under a violation of the Fair Labor Standards Act may pursue a collective action pursuant to section 216(b) if he shows that he is suing his employer on behalf of himself and other similarly situated employees. However, in order to properly state a claim for the collective action, the employee must allege that the employees are "'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Baide v. Sunsof, Inc.*, No.14-22255, 2014 U.S. Dist. LEXIS 143274, at *8 (S.D. Fla. Oct. 7, 2014) (quoting *Morgan v. Family Dollars Stores*, 551 F.3d 1233, 1259-60 (11th Cir. 2008). Furthermore, "a plaintiff must make some rudimentary showing of commonality between the basis for his claims

and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." *Id.* (quoting *White & Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002); *Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). Where the employee fails to allege any factual basis which can be used to assess whether the employee and the other employees are similarly situated, the collective action claim should be dismissed. *Id.*, *Bule v. Garda CL S.E., Inc.*, No. 14-21898, 2014 U.S. Dist. LEXIS 95618, at *10-11 (S.D. Fla. July 11, 2014); *St. Croix v. Genentech, Inc.*, No.8:12-cv-891, 2012 U.S. Dist. LEXIS 86742, at *6-7 (M.D. Fla. June 22, 2012).

In *Bule*, the plaintiff sought relief against the defendant through a collective action claim for alleged FLSA violations against the plaintiff and others who were "similarly situated." *Bule*, 2014 U.S. Dist. LEXIS 95618, at *10. However, the plaintiff failed to provide any supporting facts that would form the basis of the collective action claim. Specifically, the plaintiff did not include a description of the job duties or the pay provisions of the allegedly similarly situated employees in his complaint. As a result, the court dismissed the plaintiff's collective action claim for failing to state a claim pursuant to Rule 12(b)(6), FED. R. CIV. P., as "[t]he Complaint contain[ed] no factual basis by which to assess whether Plaintiff and the other employees are similarly situated." *Id.* at *11.

Similarly, in *Baide*, the plaintiffs alleged that a collective action claim was proper against the defendant due to the alleged FLSA violations against the plaintiffs and other "similarly situated employees." After reviewing the complaint pursuant to the defendant's motion to dismiss, the court found that the plaintiffs' had failed to "identify any group of workers, who share a commonality with Plaintiffs." *Baide*, 2014 U.S. Dist. LEXIS 143274, at *8. Without alleging the similarities between the class members' job requirements and pay provisions, the Court was unable to assess

the commonality of the class. *Id.* In dismissing the plaintiff's collective action claim, the court noted that "[a]lthough there are sufficient allegations that Plaintiffs are similarly situated to each other, there is nothing to tie them to a greater class of potential opt-in plaintiffs."

Like the plaintiffs in *Bule* and *Baide*, the Plaintiff in the instant case has failed to state a claim for a collective action in this matter. In his Unverified Complaint, the Plaintiff indicates that "It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years." Compl. ¶ 7.  No further information is provided by the Plaintiff as to the "similarly situated" employees' names, job titles, descriptions, duties, or pay provisions; as such, there are insufficient factual allegations as to the "similarly situated" employees to be able to establish any commonality between this unspecified group of workers and the Plaintiff.

Additionally, as the Complaint filed by the Plaintiff is unverified, Plaintiff has completely failed to make any showing, much less a sufficient showing, that there are potential Plaintiffs that are similarly situated employees and who seek to opt-in.

To satisfy the initial burden or first-tier analysis regarding notice under 29 U.S.C. section 216(b), Plaintiff needs only show that his position is similar, not identical to the positions held by the putative class members. *Grayson v. Kmart Corp.,* 79 F. 3d 1086, 1096 (11th Cir. 1996). However, a Plaintiff still must make "substantial and detailed allegations of FLSA violations and provide evidence to support" that the Plaintiff and the potential collective action members are similarly situated.

In the instant case, Plaintiff has provided the Court with no evidence to support his bare allegations. While a Plaintiff's burden is not particularly strict, unsupported allegations that FLSA

violations were widespread and that additional Plaintiffs exist are insufficient to establish that similarly situated employees exist. *Haynes v. Singer Co., Inc.,* 696 F. 2d 884, 887 (11th Cir. 1983). Plaintiff's burden at this stage, although not heavy, must be met by "detailed allegations". *Grayson,* 79 F. 3d at 1097.

As the Plaintiff's Complaint is not sworn to, it does not carry any evidentiary weight. Therefore, pursuant to *Haynes* the Plaintiff has wholly failed to support his contention that similarly situated employees exist.  As Plaintiff has provided absolutely no evidence that there are any individuals other than himself who desire to participate in this action. The Plaintiff's statements that allegedly form the basis of the collective action claim are nothing more than legal conclusions that have no factual basis to support them. Accordingly, due to the Plaintiff's failure to properly plead a collective action claim under section 216(b), the Plaintiff's collective action claim should be dismissed, with prejudice.

## CONCLUSION

Based on the foregoing, the Defendants, CARGO LOGISTICS GROUP USA LLC, ESMERALDA CASTILLO, individually, and CARLOS R. GONZALEZ, Sr., individually, respectfully request that this Court dismiss the Plaintiff's Unverified Complaint, in its entirety, with prejudice.

Respectfully submitted,

*/s/: Ivette Labied*
Ivette Labied, Esq.
Florida Bar No. 840661

## **CERTIFICATE OF COMPLIANCE**

I HEREBY CERTIFY that this Motion to Dismiss Plaintiff's Complaint complies with the S.D. Fla. Local Rules and the Court's Order Regarding Formatting of Filings.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of September, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on: J.H. Zidell, Esq. of J.H. Zidell, P.A. at zabogado@aol.com in the manner specified.

        */s/: Ivette Labied*
        Ivette Labied, Esq.
        Florida Bar No. 840661
        **The Law Professionals, P.A.**
        3301 Ponce De Leon Blvd.
        Third Floor
        Coral Gables, FL 33134
        Telephone: (305) 445-4225
        Facsimile:  (866) 359-3557
        pleadings@thelawprofessionals.com
        ilabied@thelawprofessionals.com