UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 1:16-cv-23669-DPG

CRISTHIAN ZELAYA, and all others
similarly situated under 29 U.S.C. 216(b)

    Plaintiffs,

vs.

CARGO LOGISTICS GROUP USA LLC,
and ESMERALDA CASTILLO, and
CARLOS R. GONZALEZ, Sr.,

    Defendants.
_____/

**DEFENDANTS' TENDER OF FULL PAYMENT AND
MOTION TO DISMISS COMPLAINT WITH PREJUDICE**

Defendants, CARGO LOGISTICS GROUP USA LLC, ESMERALDA CASTILLO, and CARLOS R. GONZALEZ, Sr., by and through their undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, namely Rule 12(h)(3), and Local Rules of the Southern District of Florida, hereby file and serve upon Plaintiff their Tender of Full Payment and Motion to Dismiss Complaint with Prejudice in the above-referenced matter. In support thereof, Defendants state:

**TENDER OF PAYMENT IN FULL**

1. Plaintiff initially filed a one count Complaint against Defendants in this matter on August 26, 2016, asserting an alleged claim for recovery of overtime compensation.

2. On September 27, 2016, Plaintiff filed a Statement of Claim in the record of this action and stated: "**Total Overtime Wage Claim and Liquidated Damages: $4,320.00 X 2 = $8,640.00**."

3. Although Defendants vigorously deny all of Plaintiff's allegations, Plaintiff's claim, and that Defendants owe Plaintiff any amount of money for unpaid overtime wages or any damages, to render Plaintiff's claim moot, Defendants tendered to Plaintiff payment in full. Defendants' tender was based on Plaintiff's own calculations in his September 27, 2016, Statement of Claim. As presented in paragraph two of this Motion, Plaintiff calculated his overtime damages to be $4,320.00 in actual damages and $4,320.00 in liquidated damages, totaling $8,640.00. A photocopy of the check tendered to Plaintiff is attached, as Exhibit "A" to this Motion.

4. Although Defendants deny owing any liquidated damages in this matter or in the alternative, Defendants affirmatively state that any alleged failure to pay overtime wages was in good faith, Defendants tendered $4,320.00 to Plaintiff, which represents alleged statutory liquidated damages, to render Plaintiff's claim moot.

## MOTION TO DISMISS

5. Having tendered payment in full for all amounts that possibly could be owed to Plaintiff, according to Plaintiff's own version of the facts in Statement of Claim filed in the record in this action, Defendants have eliminated any controversy or cause of action available to be pursued by Plaintiff in this Court, and dismissal with prejudice, pursuant to Fed. R. Civ. P. 12(h)(3), of Plaintiff's claim is appropriate and necessary.

6. Rule 12(h)(3) states in relevant part: "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."

7. As Defendants have voluntarily tendered to Plaintiff all amounts that could possibly be owed to Plaintiff, without judicial intervention, Plaintiff is not entitled to any award of attorney's fees or costs as Plaintiff is not a prevailing party in this action. Essentially, Defendants' tender of Plaintiff's maximum recoverable damages under the FLSA has rendered his case moot, and

Defendants' motion to dismiss with prejudice must be granted. *See Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1244 (11th Cir. 2003); *Buckannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 601, 121 S.Ct. 1835, 1838 (2001); and *Dionne v. Floormasters Enterprises, Inc.*, F.3d., 2011 WL 318977 (11th Cir. 2011).

WHEREFORE, as Plaintiff's case is moot, Defendants respectfully move this Court for an Order dismissing Plaintiff's claims with prejudice, together with an Order that Plaintiff is not entitled to any award of attorney's fees or costs as Plaintiff is not a prevailing party in this action.

## SUPPORTING MEMORANDUM OF LAW

Although Defendants vigorously deny all of Plaintiff's allegations, Plaintiff's claim, and that Defendants owe Plaintiff any amount of money for unpaid overtime wages or any damages, to render Plaintiff's claim moot, Defendants tendered to Plaintiff payment in full. As such, Plaintiff cannot be considered a prevailing party to this action and as a non-prevailing Plaintiff, under the FLSA, he is not entitled to any award of attorney's fees or costs.

A "prevailing party" is "[a] party in whose favor judgment is rendered, regardless of the amount of damages awarded." *Buckannon Board & Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 603, 121 S.Ct. 1835, 18339 (2001) (quoting Black's Law Dictionary, 1145 (7th ed. 1999)). In *Buckhannon*, the district court granted a defendant's motion to dismiss on grounds of mootness, holding that plaintiffs were not entitled to attorney's fees because they had "failed to secure a judgment on the merits or a court-ordered consent decree." *Id.* At 600, 121 S.Ct. at 1838. The voluntary change in defendant's conduct, absent judicial approval thereof, was insufficient to grant the plaintiff prevailing party status. *Id.*

In the instant case, Defendant has voluntarily altered his conduct and has done so without judicial sanction. In the event Plaintiff attempts to characterize Defendants' tender as a "settlement offer," this position would be inaccurate and irrelevant. Absent submission of a settlement agreement to the Court and the Court's retaining jurisdiction for the enforcement thereof, Plaintiff is not a prevailing party and is not entitled to attorney's fees and costs under the FLSA.

The mootness doctrine applies to Fair Labor Standards Act ("FLSA") actions. *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1244 (11th Cir. 2003). In the instant case, Defendants' tender of Plaintiff's maximum recoverable damages, based on Plaintiff's own calculations, has rendered his case moot, and Defendants' motion to dismiss with prejudice must be granted. *See Goss v. Killian Oaks House of Learning*, 248 F. Supp.2d 1162, 1167 (S.D. Fla, 2003); *Gathagan v. The Rag Shop/Hollywood, Inc.*, Case No. 9:04-CV-80520, Document 29 (S.D. Fla. Feb. 9, 2005); and *Dionne v. Floormasters Enterprises, Inc.*, F.3d., 2011 WL 318977 (11th Cir. 2011).

In the instant case, there has been no judicial determination of any violations of FLSA, no settlement between the parties, or supervision of the Secretary of Labor. Additionally, Defendants vigorously deny all of Plaintiff's claims and are only tendering $8,640.00 to moot Plaintiff's claim. Therefore, there has been no judgment entered against the Defendants, no determination of actual violations of the FLSA, and no settlement for the Court to approve, scrutinize or determine the reasonableness thereof. Where a plaintiff is offered full compensation on his FLSA claim, no compromise is involved and judicial approval is not required. *See Dail v. George A. Arab Inc.*, 391 F.Supp.2d 1211, 1217 (M.D. Fla. 2003) and *Dionne v. Floormasters Enterprises, Inc.*, F.3d., 2011 WL 318977 (11th Cir. 2011).

Defendants vigorously deny all of Plaintiff's allegations, Plaintiff's claim, and that Defendants owe Plaintiff any amount of money for unpaid overtime wages or any damages. However, to render Plaintiff FLSA claim moot, Defendants tendered to Plaintiff payment in full based on Plaintiff's own calculations and statements under oath.

## CONCLUSION

Based upon the facts set forth herein in Defendants' Motion to Dismiss, and applicable law set forth in its accompanying Memorandum of Law, Defendants respectfully suggest to this Court that dismissal of Plaintiff's Complaint, with prejudice, is appropriate and necessary, together with an Order that Plaintiff is not entitled to any award of attorney's fees or costs as Plaintiff is not a prevailing party in this action.

Dated this 1st day of December, 2016

Respectfully submitted,

*/s/: Ivette Labied*
Ivette Labied, Esq.
Florida Bar No. 840661
M. Gabriela Palacios, Esq.
Florida Bar No. 124208

## CERTIFICATE OF COMPLIANCE

I HEREBY CERTIFY that this Motion to Dismiss Plaintiff's Complaint with Prejudice complies with the S.D. Fla. Local Rules and the Court's Order Regarding Formatting of Filings.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 1st day of December, 2016, the foregoing document is being served on: David K. Kelly, Esq. at david.kelly38@rocketmail.com and Rivkah Jaff, Esq. at rivkah.jaff@gmail.com, via email.

/s/: *Ivette Labied*
Ivette Labied, Esq.
Florida Bar No. 840661
M. Gabriela Palacios, Esq.
Florida Bar No. 124208
**The Law Professionals, P.A.**
3301 Ponce De Leon Blvd.
Third Floor
Coral Gables, FL 33134
Telephone: (305) 445-4225
Facsimile:  (866) 359-3557
pleadings@thelawprofessionals.com
ilabied@thelawprofessionals.com
gpalacios@thelawprofessionals.com

# EXHIBIT "A"

SECURITY FEATURES INCLUDE TRUE WATERMARK PAPER, HEAT SENSITIVE ICON AND FOIL HOLOGRAM.

**CARGO LOGISTICS GROUP USA LLC**
3200 NW 67TH AVE.
BUILDING 3, SUITE 340
MIAMI, FL 33122

**BANK OF AMERICA**
ACH R/T 063100277
63-27/631

**1910**

11/17/2016

PAY TO THE ORDER OF   THE LAW PROFFESIONAL TRUST ACCOUNT   $ **8,640.00

Eight Thousand Six Hundred Forty and 00/100******************************************************************************   **DOLLARS**

THE LAW PROFFESIONAL
3301 PONCE DE LEON
CORAL GABLES, FL 33134

AUTHORIZED SIGNATURE

MEMO

⑈"001910"⑈  ⑆063100277⑆  2290520279480⑈