UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-23669-GAYLES

**CRISTHIAN ZELAYA,**
         **Plaintiff,**

    v.

**CARGO LOGISTICS GROUP
USA LLC, ESMERALDA CASTILLO, and
CARLOS R. GONZALEZ, SR.,**
         **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants Cargo Logistics Group USA LLC, Esmeralda Castillo, and Carlos R. Gonzalez, Sr.'s Tender of Full Payment and Motion to Dismiss Complaint with Prejudice [ECF No. 26]. The Court has carefully considered the operative complaint, the parties' briefs, and the applicable law. For the reasons that follow, Defendants' Motion is denied.

**I.     BACKGROUND**

Plaintiff Christhian V. Zelaya brought this action against Defendants for overtime wage violations under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–216. [ECF No. 1]. Prior to the Court's Order directing Plaintiff to file a statement of claim, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim. [ECF No. 7]. Plaintiff timely filed both a Response in Opposition to Defendants' Motion to Dismiss and a Statement of Claim.[1] [ECF

---

[1] Plaintiff filed an initial Statement of Claim on September 27, 2016, [ECF No. 12], but filed another Statement of Claim on October 10, 2016, in which he reduced the amount of actual and liquidated damages. [ECF No. 15]. Plaintiff struck his initial Statement of Claim on November 10, 2016. [ECF No. 23].

1

Nos. 13 & 15]. In response to Plaintiff's Statement of Claim, Defendants sent a check[2] to Plaintiff for tender of full payment of damages, including liquidated damages, and filed the instant Motion, arguing that the tender "eliminated any controversy or cause of action," thus rendering Plaintiff's FLSA claim moot. [ECF No. 26 at 2]. Plaintiff refused to accept the check and subsequently filed a Response in Opposition, arguing, "Defendants cannot simply tender full payment in order to moot the case and avoid paying attorneys' fees and costs." [ECF No. 28 at 6–7].

## II.     LEGAL STANDARD

According to Federal Rule of Civil Procedure 12(h)(3), "If [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It has long been settled that a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "A case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." *Ethredge v. Hail*, 996 F.2d 1173, 1775 (11th Cir. 1993). Accordingly, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

---

[2] Defendants vehemently deny that their tender was a "settlement offer," [ECF No. 26 at 4], despite the fact that they mailed Plaintiff a check accompanied by a letter indicating that the check was "in settlement of the above-captioned matter." [ECF No. 27-1]. Nevertheless, other courts in this circuit have construed similar tenders as settlement offers that had not been accepted. *See Manley v. RSC Corp.*, No. 14-1327, 2014 WL 3747695, at *1 (M.D. Fla. July 29, 2014); *Fernandez v. Andy Iron Works, Inc.*, No. 13-24477, 2014 WL 3384701, at *1 n.1 (S.D. Fla. July 10, 2014). Absent any appellate authority on point, this Court agrees with the manner in which those courts characterized the respective defendants' tenders.

## III. DISCUSSION

In their Motion to Dismiss, Defendants argue that they "have eliminated any controversy or cause of action available to be pursued" by tendering full payment, thus mooting Plaintiff's FLSA claims and depriving the Court of subject matter jurisdiction under 12(h)(3). [ECF No. 26 ¶ 5]. Plaintiff denies that his claim is moot because the tender, which excludes attorney's fees and costs, does not amount to full compensation. [ECF No. 28 ¶ 4]. Thus, the central question is whether Defendants' tender of actual and liquidated damages amounts to full compensation under the FLSA, rendering Plaintiff's claims moot and depriving this Court of subject matter jurisdiction.

> Under the FLSA,
>
> [a]ny employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages. . . . The court in such action shall, *in addition to any judgment awarded to the plaintiff or plaintiffs*, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b) (emphasis added). The Eleventh Circuit, construing this provision, has held that "[t]he FLSA plainly requires that the plaintiff receive a judgment in his favor to be entitled to attorney's fees and costs." *Dionne v. Floormasters Enterprises, Inc.*, 667 F.3d 1199, 1205 (11th Cir. 2012) (*Dionne II*). However, "in the absence of a judgment on the merits, to be a prevailing party [entitled to attorney's fees], the FLSA plaintiff needs a stipulated or consent judgment or its 'functional equivalent' from the district court evincing the court's determination that the settlement 'is a fair and reasonable res[o]lution of a bona fide dispute over FLSA provisions.'" *Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013) (per

curiam) (quoting *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1317, 1320 (11th Cir. 2002) and *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

Here, Defendants argue that because they "voluntarily tendered to Plaintiff all amounts that could possibly be owed to Plaintiff, without judicial intervention, Plaintiff is not entitled to any award of attorney's fees or costs as Plaintiff is not a prevailing party in this action." [ECF No. 26 ¶ 7]. In support of their argument, Defendants cite to *Dionne v. Floormasters Enterprises, Inc.*, 647 F.3d 1109 (11th Cir. 2011) (*Dionne I*), *vacated and superseded*, *Dionne II*, 667 F.3d 1199. The defendants in *Dionne* (like Defendants here) tendered full payment for an FLSA claim and moved to dismiss the case on mootness grounds. *Dionne I*, 647 F.3d at 1111. However, the plaintiff (unlike Plaintiff here) conceded that the defendants' full tender mooted his claims, but he requested that the court retain jurisdiction to determine attorney's fees and costs. *Id.* The district court granted the defendant's motion to dismiss, and the Eleventh Circuit held that the plaintiff was not a "prevailing party" entitled to fees under 29 U.S.C. § 216(b) because, in dismissing the case for lack of subject matter jurisdiction, the district court did not award a judgment in the plaintiff's favor. *Id.* at 1115. Notably, however, the Eleventh Circuit clarified its holding in *Dionne II*—which Defendants have neglected to cite—noting:

> Our decision in this matter addresses a very narrow question: whether an employee who ***conceded*** that his claim should be dismissed before trial as moot, when the full amount of back pay was tendered, was a prevailing party entitled to statutory attorney's fees under § 216(b). It should not be construed as authorizing the denial of attorney's fees, requested by an employee, solely because an employer tendered the full amount of back pay owing to an employee, prior to the time a jury has returned its verdict, or the trial court has entered judgment on the merits of the claim.

*Dionne II*, 667 F.3d at 1206 n.5 (emphasis added).

The Eleventh Circuit further emphasized *Dionne*'s narrow scope in *Wolff*, 545 F. App'x at 793–94. *Wolff* held that a former employee's acceptance of a settlement check from her

4

employer and her signing of a release did not strip the former employee of her statutory right to recover attorney's fees and costs under the FLSA or render her FLSA claim moot. *See id.* at 794–95. *Wolff* relied on the analysis in *Zinni v. ER Solutions, Inc.*, 692 F.3d 1162 (11th Cir. 2012), which held that settlement offers for the full amount of statutory damages requested under the Fair Debt Collection Practices Act, without accompanying offers of judgment, did not constitute full relief and therefore did not render the plaintiffs' claims moot. *See Wolff*, 545 F. App'x at 794. "A settlement offer for the 'full relief requested' means 'the full amount of damages *plus* a judgment.'" *Id.* (quoting *Zinni*, 692 F.3d at 1166–67) (emphasis in original). In *Wolff*, the court noted that "[j]udgment is important to a plaintiff because it is enforceable by the district court, whereas a settlement offer without an offer of judgment is 'a mere promise to pay' which, if broken require[s] the plaintiff to sue for breach of contract in state court." *Id.* (quoting *Zinni*, 692 F.3d at 1168); *see also Fernandez v. Andy Iron Works, Inc.*, No. 13-24477, 2014 WL 3384701, at *3 (S.D. Fla. July 10, 2014) ("Courts that may have been inclined to read *Dionne* as allowing defendants who paid full tender to avoid liability for attorney's fees and costs changed course following the *Zinni* decision."). Thus, as Plaintiff correctly argues, "Defendants cannot simply tender full payment in order to moot the case and avoid paying attorneys' fees and costs." [ECF No. 28 ¶ 4]. "Defendants' effort to drive this case out of federal court, while strategically impressive, cannot succeed." *Fernandez*, 2014 WL 3384701, at *2. Rather, "Federal Rule of Civil Procedure 68 is the proper avenue for making an offer of settlement with the mootness effect Defendants desire." *Tapia v. Fla. Cleanex, Inc.*, No. 09-21569, 2011 WL 10605734, at *2 (S.D. Fla. Oct. 12, 2011) (characterizing the defendants' tender of full damages as an "attempt to circumvent the requirements of Rule 68").[3]

---

[3]   To limit litigation, costs, and attorney's fees, a defendant also has the option of stipulating early in a case to a

Allowing Defendants to evade paying attorney's fees and costs would frustrate the FLSA's goal of fully compensating wronged employees. *See Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (per curiam). "The language of the statute contemplates that the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs." *Id.* (citation and internal quotation marks omitted). And "in cases like this one where attorney fees are allowed to the prevailing party by federal statute, the compensable fees include time spent litigating both the entitlement to and amount of fees incurred; *i.e.* 'fees for litigating fees.'" *Wolff*, 545 Fed. App'x at 796 (citing *Thompson v. Pharmacy Corp. of Am., Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003)).

**IV.   CONCLUSION**

Based on the foregoing, it is **ORDERED AND ADJUDGED** that Defendants' Tender of Full Payment and Motion to Dismiss Complaint with Prejudice [ECF No. 26] is **DENIED**. Plaintiff shall return the uncashed check to Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 23rd day of January, 2017.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

judgment in the amount of damages sought by the plaintiff as well as the plaintiff's entitlement to costs and reasonable attorney's fees.